ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LYDIA ESTRADA DELGADO<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>Peticionarios | KLCE202401161 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV00834<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2025.

El Municipio de San Juan y su Aseguradora Óptima Seguros (Municipio o Peticionarios) presentaron una *Petición de Certiorari* para recurrir de la *Resolución* emitida el 21 de agosto de 2024 y notificada el 21 de agosto de 2024. En el aludido pronunciamiento, el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) denegó una solicitud de desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio.

Anticipamos que, por los fundamentos que expondremos, dejamos sin efecto la paralización de los procedimientos, expedimos el auto de *certiorari* y revocamos la *Resolución* del caso.

**I.**

El 8 de febrero de 2022, la Sra. Lydia Estrada Delgado (señora Estrada o Recurrida) presentó una *Demanda* contra los Peticionarios, el Departamento de Transportación y Obras Públicas del Estado libre Asociado de Puerto Rico (DTOP) y sus aseguradoras. Relató que el 10 de febrero de 2021, a eso de las 8:00 pm, se encontraba caminando por la acera de la Avenida Ashford en el área de Condado, San Juan, Puerto Rico. Alegó, además, que tropezó con

Número Identificador

SEN2025_____

una pieza metálica, tipo 'stand' y cayó al suelo. Por esto, solicitó la imposición de responsabilidad y los daños reclamados.[1]

Posteriormente, los Peticionarios presentaron una *Demanda contra Tercero* y *Demanda contra Tercero Enmendada*. Allí, demandaron al Departamento de Recursos Naturales y Ambientales (DRNA) y a Antonio Villagras, operador y administrador del Parking Plaza de la Libertad en Condado.[2]

El 24 de octubre de 2023, la Recurrida presentó *Demanda Enmendada* para incluir como codemandados a Antonio Villagras y a La Terraza Del Condado, Inc.[3]

En respuesta, los peticionarios presentaron sus correspondientes contestaciones a la *Demanda* y a la *Demanda Enmendada*.[4]

Luego de varios trámites procesales, los Peticionarios presentaron una *Moción de Desestimación* al amparo de la Regla 10.2 (5) de Procedimiento Civil, el 21 de agosto de 2024. Solicitaron la desestimación con perjuicio de la presente acción en cuanto al Municipio de San Juan y Óptima Seguros, por entender que no existe un deber jurídico de actuar de su parte.[5]

Así las cosas, el 21 de agosto de 2024, el TPI declaró "No Ha Lugar", mediante *Orden*. Determinó que la solicitud fue presentada fuera de término.[6]

Insatisfechos, los Peticionarios presentaron una *Moción en Solicitud de Reconsideración*, el 4 de septiembre de 2024.[7]

---

[1] Apéndice 1 del *Certiorari*, págs. 1-6
[2] Apéndice 31 del *Certiorari*, págs. 178-180; Apéndice 66 del *Certiorari*, págs. 297-301.
[3] Apéndice 104 del *Certiorari*, págs. 418-423.
[4] Apéndice 24 del *Certiorari*, págs. 160-166; Apéndice 106 del *Certiorari*, págs. 425-438.
[5] Apéndice 123 del *Certiorari*, págs. 584-629.
[6] Apéndice 124 del *Certiorari*, págs. 630.
[7] Apéndice 126 del *Certiorari*, págs. 635-642.

Luego, el 22 de agosto de 2024, se celebró la Conferencia con Antelación a Juicio y el foro primario señaló el Juicio para el 21 y 22 de noviembre de 2024.[8]

Finalmente, el 23 de septiembre de 2024, el TPI denegó la moción de reconsideración, mediante *Orden,* notificada al día siguiente.[9]

Inconforme aún, el 24 de octubre de 2024, los Peticionarios presentaron una *Petición de Certiorari* y esbozaron el siguiente señalamiento de error:

> Uno: Erró el Honorable Tribunal de Primera Instancia al no desestimar la demanda y demanda enmendada en contra de los codemandados-peticionarios al amparo de la Regla 10.2 de Procedimiento Civil aun cuando las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a ellos se refiere y al concluir que había sido presentada tardíamente.

El 13 de noviembre de 2024, los Peticionarios instaron *Moción urgente en solicitud de suspensión de procedimientos ante el Tribunal de Primera Instancia a tenor con la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones.* En atención al requerimiento, el 15 de noviembre de 2024, dictamos una *Resolución,* por virtud de la cual ordenamos la paralización de los procedimientos.

Asimismo, el 20 de noviembre de 2023, Antonio Villagrasa y la Terraza del Condado, Inc. presentaron en conjunto un *Memorando en Oposición al Recurso de Certiorari.* Dos días después, la señora Estrada presentó una *Oposición a Expedición de Certiorari.* Con el beneficio de sus comparecencias, resolvemos.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales

---

[8] Apéndice 125 del *Certiorari,* págs. 631-634.
[9] Apéndice 132 del *Certiorari,* págs. 654.

de un foro inferior y corregir algún error cometido por éste.[10] A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional.[11] El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[12] Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…"[13]

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción.[14] Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros.[15] Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad".[16]

Es sabido que la Regla 52.1 de Procedimiento Civil,[17] delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

> El **recurso de *certiorari*** para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

---

[10] *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *García v. Padró, supra.*
[12] *Íd.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).
[13] *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.
[14] *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[15] *800 Ponce de León v. AIG, supra*, pág. 176.
[16] *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra.*
[17] 32 LPRA Ap. V, R. 52.1.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*.[18] Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original).[19]

---

[18] 4 LPRA Ap. XXII-B, R. 40.
[19] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

La Regla 10.2 de Procedimiento Civil,[20] permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, **(5) dejar de exponer una reclamación que justifique la concesión de un remedio y** (6) dejar de acumular una parte indispensable.[21]

El Tribunal Supremo de Puerto Rico ratificó en *Costas Elena y otros v. Magic Sport y otros, supra,* las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2, *supra.* Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que **alguna de las defensas afirmativas derrotara la pretensión del demandante**.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* **el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas**.

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que **evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante**.

(4) **Toda duda debe resolverse a favor del demandante**.

(5) **El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno**, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. (Énfasis nuestro).[22]

---

[20] 32 LPRA Ap. V.
[21] *Costas Elena y otros v. Magic Sport y otros,* 2024 TSPR 13, 213 DPR ___ (2024); *González Méndez v. Acción Soc.,* 196 DPR 213, 234 (2016).
[22] Véase, además, *Eagle Security v. Efron Dorado et al,* 211 DPR 70, 84 (2023).

La privación de un litigante de su día en corte sólo procede en casos extremos. Ahora bien, la desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas podrán ser probadas con el descubrimiento de prueba.[23]

## C.

Conforme la Regla 10.7 de Procedimiento Civil,[24] la parte que presente una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* tiene que acumular en esa moción todas las defensas que la precitada Regla le permite presentar mediante moción. De no hacerlo, se entenderán renunciadas, salvo que la moción esté fundada en falta de jurisdicción sobre la materia. Regla 10.2(1) de Procedimiento Civil, *supra.* Tampoco se entenderán renunciadas las defensas privilegiadas contempladas en la Regla 10.8(b) de Procedimiento Civil, *supra.*

Cuando de las alegaciones de la demanda surja que la acción prescribió, la parte contra la cual se reclama puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra,* esto es, que la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[25] Asimismo, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas que instituye la Regla 10.7 de Procedimiento Civil, *supra.* Esta defensa —de ordinario— no se entiende renunciada, aun si no se acumula en una moción al amparo de la Regla 10.2 de Procedimiento Civil,

---

[23] *Costas Elena y otros v. Magic Sport y otros, supra.*
[24] 32 LPRA Ap. V.
[25] *Conde Cruz v. Resto Rodríguez et al., supra; Sánchez v. Aut. de los Puertos,* 153 DPR 559 (2001).

*supra*, y puede plantearse en cualquier momento, incluso, luego de comenzado el juicio.[26] Sin embargo, cuando la moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas de la Regla 6.3 de Procedimiento Civil, *supra*, se entienden renunciadas si no se plantearon en la primera alegación responsiva.

### III.

En el caso ante nuestra consideración, los Peticionarios aducen que incidió el foro primario al no desestimar la demanda y demanda enmendada en contra de ellos. Cónsono con lo anterior, sostienen que las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a ellos se refiere. Además, alegan que el TPI erró al concluir que su moción de desestimación había sido presentada tardíamente. Tienen razón.

Surge de los hechos ante nuestra consideración, que la pieza metálica "stand" de metal con que la Recurrida tropezó, se encuentra dentro de la Plaza de la Libertad y su estacionamiento, operado por La Terraza del Condado, Inc. La Plaza de la Libertad, a su vez, no está bajo la jurisdicción del Municipio Autónomo de San Juan, ya que pertenece al Programa de Parques Nacionales, que está adscrito al DRNA. Esto significa que no se le puede imputar responsabilidad al Municipio. Por tanto, es forzoso concluir que las alegaciones de la Recurrida dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a los Peticionarios.

Además, el señalamiento procesal del foro primario es incorrecto. Según esbozado, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio puede

---

[26] Regla 10.8(b) de Procedimiento Civil, *supra*.

plantearse en cualquier momento. Se equivocó el TPI al resolver lo contrario.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos la *Resolución* impugnada. En consecuencia, desestimamos la reclamación civil en contra del Municipio Autónomo de San Juan y Óptima Seguros. Se deja sin efecto el decreto de paralización de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones